IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Hammons Allen Jr., <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:02-cr-00750-TLW-2 <br> C/A No. 4:16-cv-01569-TLW <br><br><br> **Order** |

Petitioner Eric Hammons Allen Jr. pled guilty to two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and after granting the Government's motion for a downward departure pursuant to USSG § 5K1.1, the Court sentenced him to a total of 350 months incarceration, consisting of 120 months on Count 2 and 230 months consecutive on Count 4.[1] ECF Nos. 122, 129. Both of his § 924(c) convictions were related to Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a). In his § 2255 petition, he asserts that Hobbs Act robbery is not a valid § 924(c) predicate conviction and that he was therefore "convicted of a non-offense over which this court did not have jurisdiction."[2] ECF No. 259 at 1.

Petitioner raises two arguments as to why Hobbs Act robbery is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically

---

[1] His sentence was later reduced to a total of 312 months pursuant to a Rule 35(b) motion. ECF No. 243.

[2] He filed his petition *pro se*, but an assistant federal public defender later noticed his appearance on Petitioner's behalf and filed a memorandum in support of the petition. ECF Nos. 250, 258, 259.

1

under § 924(c)'s force clause in light of *Descamps v. United States*, 570 U.S. 254 (2013) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner's argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule contrary to its sister circuits.

The analysis in the above cases applies here and is persuasive. Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause.[3] *See also Stokeling v. United States*, 139 S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force

---

[3] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, ___ F.3d ___, 2019 WL 311906, at *1 (4th Cir. Jan. 24, 2019) (en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

sufficient to overcome a victim's resistance, however slight the resistance); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

Because Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), Petitioner's petition for relief pursuant to § 2255, ECF No. 250, is **DENIED**. This action is hereby **DISMISSED**.[4]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[4] A response from the Government is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

**IT IS SO ORDERED**.

                                                  *s/ Terry L. Wooten*
                                                  Terry L. Wooten
                                                  Chief United States District Judge

February 5, 2019
Columbia, South Carolina